IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SAJEEV CHERIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:22-cv-478 |
| | ) |
| HARRIS TEETER SUPERMARKETS, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT HARRIS TEETER SUPERMARKETS, INC.'s**
**ANSWER AND GROUNDS OF DEFENSE**

COME NOW Defendant HARRIS TEETER SUPERMARKETS, INC. (hereinafter "Defendant"), by and through counsel JOSHUA M. HOFFMAN and the law firm of FRANKLIN & PROKOPIK, PC, and hereby files this Answer and Grounds of Defense in response to the Complaint filed by Plaintiff SAJEEV CHERIAN ("Plaintiff"), respectfully stating as follows:

**ANSWER**

1. The allegations contained in Paragraph No. 1 of the Complaint are admitted.

2. The allegations contained in Paragraph No. 2 of the Complaint are admitted as to fact that Harris Teeter is authorized to conduct business in Virginia and operates grocery retail stores in the County, including the one at which this Incident allegedly took place. All other allegations, whether explicit or implicit, are denied and Defendant demands strict proof thereof.

3. The allegations contained in Paragraph No. 3 of the Complaint are admitted to the extent of the location of the alleged Incident but denied as to any alleged acts or omissions which may have caused injury to Plaintiff.

4. The allegations contained in Paragraph No. 4 of the Complaint are admitted.

5. The allegations contained in Paragraph No. 5 of the Complaint are statements of jurisdiction and venue, which are conclusions of law to which no response is required. To the extent any

1

response is deemed required, Defendant acknowledges that this matter was properly filed in the Circuit Court for Loudoun County and subsequently properly removed to this Court.

6. The allegations contained in Paragraph No. 6 of the Complaint are admitted.

7. The allegations contained in Paragraph No. 7 of the Complaint are denied as phrased. Upon information and belief, Plaintiff was within a different area of the store.

8. The allegations contained in Paragraph No. 8 of the Complaint are denied.

9. The allegations contained in Paragraph No. 9 of the Complaint are denied.

10. The allegations contained in Paragraph No. 10 of the Complaint are denied.

11. In response to Paragraph No. 11 of the Complaint, Defendant lacks sufficient information as to whether Plaintiff did or should have observe any alleged hazard on the floor and therefore cannot admit or deny these allegations and demands strict proof thereof.

12. In response to Paragraph No. 12 of the Complaint, Defendant lacks sufficient information as to what injuries Plaintiff purportedly suffered in the alleged Incident and therefore cannot admit or deny these allegations and demands strict proof thereof.

13. The allegations contained in Paragraph No. 13 of the Complaint are admitted only to the extent as to other customers offering assistance to Plaintiff following the alleged Incident but denied as to any other allegations.

14. The allegations contained in Paragraph No. 14 of the Complaint are denied.

15. The allegations contained in Paragraph No. 15 of the Complaint are denied.

16. In response to Paragraph No. 16 of the Complaint, Defendant lacks sufficient information as to whether any customers may have contacted EMS following the alleged incident, and therefore cannot admit or deny these allegations and demands strict proof thereof.

17. In response to Paragraph No. 17 of the Complaint, Defendant lacks sufficient information as to what the condition of Plaintiff's shirt was following the alleged Incident and therefore cannot admit or deny these allegations and demands strict proof thereof.

18. In response to Paragraph No. 18 of the Complaint, Defendant lacks sufficient information as to what injuries Plaintiff purportedly suffered in the alleged Incident and therefore cannot admit or deny these allegations and demands strict proof thereof.

19. In response to Paragraph No. 19 of the Complaint, Defendant lacks sufficient information as to the nature of Plaintiff's employment, and therefore cannot admit or deny these allegations, and demands strict proof thereof.

20. In response to Paragraph No. 20 of the Complaint, Defendant lacks sufficient information as to the nature of Plaintiff's employment, and therefore cannot admit or deny these allegations, and demands strict proof thereof.

21. In response to Paragraph No. 21 of the Complaint, Defendant lacks sufficient information as to the potential future prospects of Plaintiff's employment, and therefore cannot admit or deny these allegations, and demands strict proof thereof.

22. The allegations contained in Paragraph No. 22 of the Complaint are denied and Defendant demands strict proof thereof.

## **COUNT I**

23. In response to the allegations contained in Paragraph No. 23 of the Complaint, Defendant re-asserts each and every one of its responses to Paragraphs No. 1-22 of the Complaint above as it fully re-stated herein.

24. The allegations contained in Paragraph No. 24 of the Complaint are conclusions of law to which no response is required.  To the extent any response is deemed required, Defendant denies same and demands strict proof thereof.

25. The allegations contained in Paragraph No. 25 of the Complaint are conclusions of law to which no response is required. To the extent any response is deemed required, Defendant denies same and demands strict proof thereof.

26. The allegations contained in Paragraph No. 26 of the Complaint are conclusions of law to which no response is required. To the extent any response is deemed required, Defendant denies same and demands strict proof thereof.

27. The allegations contained in Paragraph No. 27 of the Complaint are conclusions of law to which no response is required. To the extent any response is deemed required, Defendant denies same and demands strict proof thereof.

28. The allegations contained in Paragraph No. 28 of the Complaint are conclusions of law to which no response is required. To the extent any response is deemed required, Defendant denies same and demands strict proof thereof.

29. The allegations contained in Paragraph No. 29 of the Complaint are conclusions of law to which no response is required. To the extent any response is deemed required, Defendant denies same and demands strict proof thereof.

30. The allegations contained in Paragraph No. 30 of the Complaint are conclusions of law to which no response is required. To the extent any response is deemed required, Defendant denies same and demands strict proof thereof.

31. In response to the allegations contained in Paragraph No. 31 of the Complaint, Defendant denies that it is liable for any of Plaintiff's alleged injuries and demands strict proof thereof.

32. The unnumbered paragraph following Paragraph No. 31 of the Complaint sets forth an *ad damnum* prayer for relief to which no response is required. To the extent a response is deemed required, all allegations set forth therein are denied and Defendant demands strict proof thereof.

Defendant specifically denies that it is liable in any way to the Plaintiff for any alleged injuries or damages arising out of the events described in his Complaint.

## GROUNDS OF DEFENSE

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant specifically denies that it breached any duty or obligation to Plaintiff and generally denies that it or any of its employees, representatives or agents were negligent.

### THIRD DEFENSE

Plaintiff's contributory negligence acts as a complete bar to any recovery of his claimed damages as a matter of law.

### FOURTH DEFENSE

Plaintiff knowingly and voluntarily assumed any and all risks of injury thereby barring Plaintiff from any recovery from Defendant.

### FIFTH DEFENSE

Plaintiff failed to take due and appropriate care in the mitigation of his alleged injuries and/or damages and recovery from Defendant by Plaintiff is therefore barred in whole or in part as a matter of law.

### SIXTH DEFENSE

Plaintiff is barred in whole or in part from the recovery of any injuries or conditions which pre-existed or arose subsequent to the incident detailed in her Complaint.

### SEVENTH DEFENSE

Plaintiff's alleged damages are speculative and/or not reasonably certain and therefore barred as a matter of law.

## EIGHTH DEFENSE

Plaintiff's alleged damages were proximately caused by act(s) of commission or omission of third parties over whom Defendant exercised no control or right to control.

## NINTH DEFENSE

Plaintiff's alleged damages were directly and proximately caused by the acts or conduct of third parties over whom Defendant exercised no control or right to control, which intervened between Defendant's acts and conduct and Plaintiff's alleged damages, thereby barring Plaintiff from any recovery from Defendant.

## TENTH DEFENSE

Defendant reserves the right to assert such other affirmative defenses as discovery in this case discloses a reasonable basis therefore.

## ELEVENTH DEFENSE

All allegations, whether explicit or implicit, not specifically admitted are hereby denied.

WHEREFORE, Defendant HARRIS TEETER SUPERMARKETS, INC., requests that this case be dismissed with prejudice, that it be released from this action, that appropriate costs and attorneys fees be awarded to it, and such other and further relief be afforded to it as this Court deems appropriate.

**HARRIS TEETER SUPERMARKETS, INC.**

By Counsel:

*/s/ Joshua Hoffman*

Joshua M. Hoffman (Bar No. 78597)
FRANKLIN & PROKOPIK
2325 Dulles Corner Blvd., Suite 1150
Herndon, Virginia 20171
Tel.: (703) 793-1800

Fax: (703) 793-0298
jhoffman@fandpnet.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, with notice to the following counsel of record:

James P. Magner, Esquire
MAGNER LAW, P.C.
6 Writ Street, N.W.
First Floor
Leesburg, VA 20176

*Counsel for Plaintiff*

/s/ Joshua Hoffman
Joshua M. Hoffman